◼ In the Matter of DAVID M. MARDEN, Petitioner, v TOWN BOARD OF THE TOWN OF BEDFORD, Respondent. [672 NYS2d 371] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Bedford, dated November 4, 1996, which, after a hearing, found the petitioner guilty of certain charges of misconduct and dismissed him from his position as Chief of the Town of Bedford Police Department.

Adjudged that the petition is granted to the extent that so much of the determination as found, under Charge 9, that the petitioner was insubordinate on February 12 and February 16, 1996, is annulled, that portion of the charge is dismissed on the law, the determination is otherwise confirmed, without costs or disbursements, and the petition is otherwise denied.

The petitioner is the former Chief of the Town of Bedford Police Department. Following a hearing, he was found guilty of insubordination based primarily upon his refusal to provide the Town Supervisor with an investigative report into allegations of police misconduct.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Contrary to the petitioner's contention, the record supports the Town Board's determination that he willfully refused to comply with proper directives to turn over the investigative report on February 23, 27, and 28, 1996. However, that portion of the Town Board's determination

which found that the petitioner was insubordinate on February 12 and February 16, 1996, must be annulled. It is undisputed that the subject investigative report was not completed until February 21, 1996. Therefore, the finding of insubordination for failure to turn over the report on February 12 and 16, 1996, is not supported by substantial evidence.

The penalty of dismissal was not so disproportionate to the offenses which are supported by substantial evidence as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ., supra*).

The petitioner's remaining contentions are without merit. Ritter, J. P., Sullivan, Krausman and Luciano, JJ., concur.